FILED

NOT FOR PUBLICATION

JUN 23 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30258 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00131-BLW |
| v. | |
| PONY LEO JACKSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted June 15, 2011[**]

Before: CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Pony Leo Jackson appeals from the 120-month sentence imposed following

his guilty-plea conviction for possession of sexually explicit images of minors, in

violation of 18 U.S.C. § 2252(a)(4)(B). We have jurisdiction under 28

U.S.C.§ 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Jackson contends that the district court procedurally erred in calculating the Sentencing Guidelines range when it assessed criminal history points for a prior offense, rather than counting it as relevant conduct. This contention lacks merit because the district court properly counted Jackson's Wyoming conviction for possession of child pornography as a prior sentence rather than as relevant conduct. *See* U.S.S.G. § 4A1.2(a)(1) and cmt. n.1; U.S.S.G. § 1B1.3, cmt. n.9(B); *see also United States v. Hahn*, 960 F.2d 903, 910-911 (9th Cir. 1992).

Jackson also contends that the sentence is substantively unreasonable because: (1) the district court failed to consider the government's delay in bringing the charges, thereby exposing him to increased punishment from the application of a Sentencing Guidelines enhancement due to a subsequent state conviction; and (2) failed to account for the three years he spent in prison on relevant conduct. The district court declined to second-guess the government's decision with respect to the timing of its charging decision and, as discussed *supra*, Jackson's earlier prison sentence did not arise from conduct that is relevant to the instant offense. The sentence at the statutory maximum, which was below the applicable Guidelines range, was not unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc).

**AFFIRMED.**